UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TANYA FRASER,

               Plaintiff,                           ORDER ADOPTING
                                                  REPORT AND RECOMMENDATION
       - against -                           14-CV-2626 (RRM) (RER)

NEW YORK CITY DEPARTMENT OF PARKS
& RECREATION, CITY OF NEW YORK, and
JOHN DOE(S) 1–10,

               Defendants.
-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Tanya Fraser commenced this action through counsel on April 25, 2014, alleging race and gender discrimination, as well as retaliation for her complaints of discrimination. (Compl. (Doc. No. 1).) On October 13, 2015, Magistrate Judge Ramon E. Reyes, Jr. held a status conference where only defendants' counsel appeared. (10/13/15 Minute Entry.) Following the conference, Judge Reyes ordered defendants' counsel to "meet and confer with [Fraser]'s counsel then submit a Revised Case Management Plan" by October 16, 2015. (*Id.*) On October 16, 2015, Fraser's counsel moved for an extension of time as he "ha[d] been unable to reach [Fraser]" for "some time now." (Mot. Ext. (Doc. No. 16) at 1.) On December 7, 2015, Judge Reyes held a telephone conference during which Fraser's counsel stated that he still had been unable to contact Fraser. (12/7/15 Minute Entry.) At that conference, Judge Reyes directed Fraser's counsel to provide Fraser's last known address to defendants' counsel. (*Id.*) Judge Reyes also directed defendants' counsel to search the City's database to confirm Fraser's last known or current address and to inform Fraser's counsel of the results. (*Id.*)

      On December 12, 2015, defendants' counsel filed a letter motion explaining:

1

> Pursuant to the Order, defendants immediately informed [Fraser]'s counsel of the last known address for plaintiff in the City's records. [Fraser]'s counsel confirmed that the address provided by defendants on December 7, 2015, was the same as the address already known to him. Defendants' counsel also provided [Fraser]'s counsel with an additional mobile telephone number that [Fraser]'s counsel stated he did not already have.
>
> It has now been two weeks since the parties conferred regarding [Fraser]'s last known address and telephone number. [Fraser]'s counsel has not informed defendants of whether he was able to locate his client.

(Mot. to Dismiss (Doc. No. 18) at 1.) Accordingly, defendants moved to dismiss for failure to prosecute. (*Id.* at 2.)

On January 5, 2016, Judge Reyes ordered a response to defendants' motion by January 11, 2016. (1/5/16 Docket Order.) No response was filed until March 29, 2016, when Fraser's counsel filed a letter with the court stating that he was still unable to reach Fraser despite his attempts at reaching her by phone, mail, and private investigator. (Pl.'s Mem. (Doc. No. 19) at 1.) On April 14, 2016, Judge Reyes issued a Report and Recommendation ("R&R") recommending that the action be dismissed for failure to prosecute as Fraser had failed to appear or otherwise participate in the action since at least October 2015. (4/14/16 R&R.)

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure governs the dismissal of an action or claim for plaintiff's failure to prosecute or comply with a court order. Rule 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissals pursuant to Rule 41 are within the discretion of the court. *See Minnette v.*

*Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In considering whether dismissal is proper, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Generally, no one factor is dispositive. *Id*. at 216.

Here, the balance of factors tips decidedly in favor of dismissal. This case has been pending for roughly two and a half years. "[Fraser] has been warned that should she not prosecute this action, [Judge Reyes] would recommend that it be dismissed for failure to prosecute." (4/14/16 R&R.) Moreover, the parties have made multiple attempts to contact her, including hiring a private investigator. Defendants state that allowing Fraser "to continue to delay in prosecuting this case would only further prejudice defendants' ability to gather evidence and obtain the necessary witness testimony in support of their defenses to this action." (Mot. Dismiss at 2.) The Court agrees.

As the record clearly demonstrates, Fraser has ignored discovery requests and has not responded to her attorney's and defendants' letters and motions. Her actions over the past ten months have caused significant delay and prejudice to defendants who are unable to prepare their case without discovery, to which they are entitled, and without the ability to effectively communicate with Fraser. Where a plaintiff has become inaccessible for months at a time,

courts presume prejudice. *See, e.g.*, *Walters v. Valenti*, No. 08-CV-7154 (RJH), 2010 U.S. Dist. LEXIS 18123, at *3 (S.D.N.Y. Feb. 23, 2010) (presuming prejudice where court had no way to contact plaintiff for extended period of time); *Dong v. United States*, No. 02-CV-7751 (SAS), 2004 U.S. Dist. LEXIS 3125, at *8 (S.D.N.Y. Mar. 2, 2004) (presuming prejudice where plaintiff had no contact with court or adversary for over two months). Moreover, there is no lesser sanction that is reasonable. The Court and the parties have already attempted to get Fraser to respond to no avail. Fraser has manifested no interest having her case heard while this action has languished on the Court's docket and over the heads of the defendants. For these reasons, the balance of factors justify dismissal of this action.

## CONCLUSION

Accordingly, the Report and Recommendation entered on April 14, 2016 is adopted, defendants' motion to dismiss for failure to prosecute (Doc. No. 18) is granted, and this case is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
August 25, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge